UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA VANHORN,

        Plaintiff,

v.

TRACY TOMAC, et al.,

        Defendants.

_____/

Hon. Paul L. Maloney

Case No. 1:25-cv-00625

## REPORT AND RECOMMENDATION

Plaintiff brings this pro se action alleging that Defendants violated her due-process rights, bringing a claim under 42 U.S.C. § 1983.   (ECF No. 1).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be dismissed without prejudice for want of prosecution.

## ANALYSIS

Plaintiff initiated this action on June 4, 2025.   (ECF No. 1).   Plaintiff paid the filing fee in this matter.   At the time of filing, Plaintiff did not provide the Clerk's Office with proposed summonses with complete service addresses.   On March 6, 2026, the undersigned issued an Order to Show Cause, informing Plaintiff that the deadline to timely accomplish service was extended to March 27, 2026.   (ECF No. 7).   In the Order, the Court expressly warned Plaintiff that failure to timely accomplish service may result

in the dismissal of her lawsuit for want of prosecution.   (ECF No. 7, PageID.32).   On March 26, 2026, the Court's Order to Show Cause was returned to the Court as "Not Deliverable as Addressed" with no action taken by the Clerk's Office as Plaintiff's current address is unknown.   (ECF No. 8).

Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.   *See* FED. R. CIV. P. 41(b).   The Court may also dismiss the complaint for want of prosecution if a plaintiff fails to keep the Court apprised of their current address.   W.D. MICH. LCIVR 41.1 ("Failure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution.").

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.   *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed without prejudice.   Plaintiff failed to keep the Court apprised of her current address and failed to provide complete summonses for service.   Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims. Plaintiff was expressly warned that failure to comply with the Court's Order may result

in dismissal of her claims.    Finally, the undersigned finds that, under the circumstances, a lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice and that this action be terminated.   For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous and not made in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 7, 2026                    /s/ Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge